UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,

v.                                  CASE NO. 5:12-CV-12605
                                    HONORABLE JOHN CORBETT O'MEARA

CARMEN PALMER,

        Respondent.

_____/

## ORDER DISMISSING THE HABEAS CORPUS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Derrick Lee Smith has filed a *pro se* petition for the writ of habeas corpus challenging his 2008 Wayne County conviction for two counts of kidnapping. The Court understands the habeas petition to allege that (1) the trial court should have granted Petitioner's motion for a change of venue, (2) the outrageous amount of bond set in the state case forced Petitioner to remain in jail under horrible conditions and deprived him of an opportunity to prepare a defense, (3) the prosecution relied on perjured testimony by the complainant, (4) the prosecutor failed to give Petitioner the opportunity to fully review crucial evidence (a recording of a 911 call), (5) the criminal complaint was defective and no warrant was issued, (7)[1] the prosecutor failed to give Petitioner an opportunity to review physical evidence and transcripts, (8) Petitioner's motion for polygraph testing should have been granted, (9) Petitioner is actually

---

[1] There is no claim six.

innocent of the charged crimes, (10) Petitioner was charged twice for the same crime in violation of the Double Jeopardy Clause, (11) Petitioner was denied a preliminary examination within fourteen days of being arraigned, (12) the state district court judge failed to rule on Petitioner's motion to dismiss the charges, (13) Petitioner's plea was involuntary, and (14) the Michigan Court of Appeals should have considered Petitioner's request to file a *pro se* supplemental brief.

Petitioner raised the same claims and challenged the same conviction in a petition for the writ of habeas corpus that he filed in 2010. Although the Court stayed that case for a period of time, the case was recently reinstated. *See Smith v. Ludwick*, No. 5:10-cv-11052 (E.D. Mich. July 19, 2012.) This case duplicates the 2010 case, and, when faced with duplicative lawsuits, a federal court

> may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *Smith v. SEC,* 129 F.3d 356, 361 (6th Cir. 1997).
>
> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138-39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.,* 259 F.3d 949, 953-54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (alterations in original).

There is no reason to allow this case to proceed, because the issues will be resolved in the 2010 case. Accordingly, this case is summarily **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which requires district courts to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." The

Court declines to issue a certificate of appealability or leave to proceed *in forma pauperis* because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


                                            s/John Corbett O'Meara
                                            United States District Judge


Date:  July 26, 2012


     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 26, 2012, using the ECF system and/or ordinary mail.


                                            s/William Barkholz
                                            Case Manager